UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITES AND EXCHANGE COMMISSION,<br>　　　　Plaintiff,<br><br>　　v.<br><br>TANMAYA KABRA, a/k/a Tan Kabra, and<br>LAUNCHBYTE.IO, LLC a/k/a<br>THE KABRA GROUP, LLC,<br><br>　　　　Defendants. | Civil Action No. 19-11676-NMG |

## MOTION OF THE UNITED STATES FOR LEAVE TO INTERVENE AND FOR A STAY OF DISCOVERY AND MEMORANDUM IN SUPPORT THEREOF

　　The Department of Justice ("Government"), by and through undersigned counsel, hereby moves to intervene in this case for the limited purpose of moving for a stay of discovery pending resolution of a federal criminal case based on the same alleged misconduct. Plaintiff Securities and Exchange Commission ("SEC") takes no position regarding this motion and the request to stay discovery. Defendants, Tanmaya Kabra and LaunchByte.io LLC, assent to the Government's request to intervene and for a stay of discovery.

### INTRODUCTION

　　Kabra was arrested on August 4, 2019 on a criminal complaint charging him with wire fraud, in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344. *United States v. Kabra*, 19-cr-10335-DJC (the "Criminal Action"). The following day, August 5, 2019, the Securities and Exchange Commission initiated this civil action (the "SEC Action") against Tanmaya Kabra and LaunchByte.io LLC. In its complaint, the SEC requested that the Court enter a temporary restraining order ("TRO") against Kabra freezing his assets and also moved for a

permanent injunction. The Court granted the SEC's request for a TRO on August 6, 2019, which has remained in effect since. On September 10, 2019, a grand jury sitting in the District of Massachusetts issued an indictment charging Kabra with wire fraud, in violation of 18 U.S.C. § 1343, bank fraud, in violation of 18 U.S.C. § 1344, and money laundering, in violation of 18 U.S.C. § 1957. The SEC filed an amended complaint in this case on September 19, 2019.

The Criminal Action and SEC Action arise from the same operative facts and, accordingly, a stay of discovery is appropriate for two reasons at least. First, defendants would not be prejudiced by the stay of discovery in the SEC Action. To the contrary, a stay would allow Kabra to conserve resources by litigating only one matter at a time. Second, a stay of discovery would create genuine efficiencies. Any resolution of the Criminal Action—which is premised on the same nucleus of operative facts as the SEC Action—will dramatically impact the result here. *See, e.g.*, *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568 (1951) ("It is well established that a prior criminal conviction may work an estoppel in favor of the government in a subsequent civil proceeding."). At a minimum, resolving the Criminal Action will greatly simplify the issues to be resolved in this case.[1] For these reasons, a stay of discovery is in the public interest, will not unduly prejudice the parties, and will promote the efficient use of judicial and litigant resources.

---

[1] *See, e.g., In re Grand Jury Proceedings (Williams) v. United States*, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993) ("Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."); *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967) (affirming stay of civil action where "trial of the criminal case [might] reduce the scope of discovery in the civil action" and "simplify the issues"); *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) ("[R]esolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues.").

## BACKGROUND

The indictment in the Criminal Action alleges that Kabra solicited money from investors by falsely representing that their money would be used to foster the growth and development of start-up companies, to prepare those companies for sale, or for other legitimate business purposes. Instead of investing in legitimate business opportunities, the indictment alleges Kabra used much of the money he received from investors for other purposes, including to pay for personal expenses or to pay off pre-existing debts. *Kabra*, 19-cr-10335, Doc. No. 28, ¶ 4 ("Indictment").[2] The Amended SEC complaint similarly alleges that "Kabra … deceived investors into giving him money with false promises of double-digit returns in a matter of months with no risk. … Upon receipt, Kabra used investor money to, among other things, buy himself a boat, pay credit card balances, and make Ponzi-like payments to earlier investors." SEC Action, Doc. No. 28, ¶ 1.

At this time, no discovery requests have been served by any party to the SEC Action. The Defendants moved to dismiss the SEC Action pursuant to Fed. R. Civ. P. 12(b)(6)—contending that none of the transactions that are the subject of the SEC Action involve a "security" within the meaning of the Securities Act of 1933 and the Securities Exchange Act of 1934. The Court entered an order denying Defendants motion to dismiss on April 1, 2020 and set a scheduling conference for May 12, 2020.

---

[2] The indictment also alleges that Kabra executed a scheme to defraud Brookline Bank—ultimately leading that bank to close Kabra's account and take a substantial loss. The bank fraud scheme is not a part of the conduct alleged in the SEC Action.

**ARGUMENT**

I. **The Court Should Allow the Government to Intervene for the Limited Purpose of Seeking a Stay of Discovery**

Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene when the applicant "claims an interest relating to the property or transaction which is the subject of the action" and the applicant is so situated that "disposing of the action may as a practical matter impair or impede the [applicant's] ability to protect [that] interest . . . ." *See also Int'l Paper Co. v. Inhabitants of Jay, Maine*, 887 F.2d 338, 342 (1st Cir. 1989). "Thus, a party seeking intervention of right under Rule 24(a)(2) must demonstrate three things: 1) that it has a direct and substantial interest in the subject matter of the litigation; 2) that its ability to protect the interest may be impaired if it is not allowed to intervene; and 3) that its interest will not be adequately represented by an existing party. " *Id.*

The government has a direct and substantial interest in the subject matter of the SEC Action, which involves the same conduct as the Criminal Action. Courts regularly recognize that federal prosecutors have a substantial interest in intervening in civil actions to protect the interests of the United States in criminal proceedings. *See, e.g., SEC v. TelexFree, Inc.*, 52 F. Supp. 3d 349, 352 (D. Mass. 2014); *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (denying appeal of district court order allowing intervention and staying SEC enforcement action). Specifically, the government has a "discernible interest in intervening in order to prevent discovery in [a] civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *Chestman*, 861 F.2d at 50. Without intervention the government cannot protect its interests because it cannot weigh in on whether civil discovery should proceed. Nor can any of the current parties to the SEC Action adequately represent the government's interests.

4

The Court can also permit intervention when an applicant's claim or defense and the main action have a question of law or fact in common. Fed. R. Civ. P. 24(b)(1)(B); see also *SEC v. Downe*, 1993 WL 22126, at *11 (S.D.N.Y. 1993) ("It is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact."). To intervene under this section, the government must establish that there is a common question, an independent ground for jurisdiction, and a timely motion. If these conditions are met, the district court has the discretion to allow intervention, and should consider whether intervention will unduly delay or prejudice adjudicating the civil case and whether the interests of the intervener are already adequately represented by the existing parties. *See* Fed. R. Civ. P. 24(b); *see also, e.g., In re Acushnet River & New Bedford Harbor Proceedings re Alleged PCB Pollution*, 712 F. Supp. 1019, 1023 (D. Mass. 1989) (discussing standard); *Bureerong v. Uvawas*, 167 F.R.D. 83, 85-86 (C.D. Cal. 1996) (permitting government to intervene under Rule 24(b) and staying civil discovery pending resolution of criminal case). Here, the facts at issue in the two matters are largely the same, the government's motion is timely and appropriate insofar as no discovery has taken place in the SEC Action. Finally, the parties do not oppose the government's intervention for the limited purpose of seeking a stay of discovery.

Because the operative facts of the two cases are the same, and because civil discovery may, as a practical matter, interfere with the government's ability to protect its interests in the enforcement of federal criminal law, the government respectfully seeks leave to intervene for the purpose of arguing for a stay of discovery.

**II.     The Court Should Stay Discovery to Protect the Integrity of the Pending Criminal Case**

"It is apodictic" that federal courts have the inherent power to stay civil proceedings in deference to criminal matters. *Microfinancial, Inc. v. Premier Holidays Intl., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). When deciding whether to stay a civil case pending resolution of a criminal case, courts generally consider: (a) the extent to which the civil and criminal cases overlap; (b) the public interest; (c) any potential prejudice to the civil parties if that matter is stayed; (d) the court's interest in managing dockets and resources; and (e) the current status of the criminal case.[3] Each of these factors weighs in favor of the requested discovery stay: the facts—and thus evidence and witnesses—in the two cases overlap; the public interest favors protecting the integrity of the criminal proceedings; there is minimal, if any, potential prejudice to the civil parties from staying discovery; a stay would conserve judicial resources; and the Criminal Action is now pending.

**A.     The Overlap of the Cases Weighs in Favor of the Discovery Stay.**

"[T]he most important factor [in ruling on a motion to stay civil proceedings because of a pending criminal case] is the degree to which the civil issues overlap with the criminal issues." *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (allowing DOJ intervention and staying SEC action pending resolution of criminal case) (citations omitted); *see also, e.g., Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (same); *In re Adelphia Comm. Secs. Litig.*, 2003 WL 22358819, *6-7 (E.D. Pa. 2003) (same; citing risk of inconsistent

---

[3] *See, e.g., Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995); *TelexFree, Inc.*, 52 F. Supp. 3d at 352; *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1039-40 (W.D. Mich. 2007); *In re Adelphia Comm. Secs. Litig.*, 2003 WL 22358819, *6-7 (E.D. Pa. 2003); *SEC v. HealthSouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003); *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003); *Walsh Sec., Inc. v. Cristo Prop. Mgt., Ltd.*, 7 F. Supp. 2d 523, 526-27 (D.N.J. 1998).

judgments in civil and criminal proceedings with overlapping facts). As noted above, the two actions here have substantial overlap: both are predicated on allegations that Kabra deceived investors with false representations and used their money for personal expenses and to pay off prior investors. As the defendants have stated, the criminal matter is "based on substantially the same conduct as alleged in the civil complaint." SEC Action, Doc. No. 34 at 1. Accordingly, the two cases will necessarily rely on the same key witnesses and documentary and other evidence.

### B. The Public Interest Weighs in Favor of the Unimpeded Resolution of the Criminal Case.

"[T]he public's interest in the effective enforcement of the criminal law is the paramount public concern. Although the public certainly has an interest in the preservation of the integrity of competitive markets, the pending criminal prosecution serves to advance those same interests." *SEC v. Shkreli*, No. 15-CV-7175-KAM, 2016 WL 1122029, at *7 (E.D.N.Y. 2016) (citation and internal quotation marks omitted); *see also SEC v. Abdallah*, 313 F.R.D. 59, 64 (N.D. Ohio 2016) ("[T]he public interest in effective criminal prosecution generally outweighs any existing civil interests."); *In re Ivan F. Boesky Secs. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("[T]he public interest in the criminal case is entitled to precedence over the civil litigant") (italics omitted).

Courts regularly recognize that the interests of justice weigh in favor of staying parallel civil proceedings because of the various ways those proceedings can impede a parallel criminal case. "Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter." *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) (emphasis added). *See also, e.g., TelexFree, Inc.*, 52 F. Supp. 3d at 352 (granting intervention and stay of SEC action); *SEC v. Purchasers of Secs. In Global Industr., Inc.*, 2012 WL 5505738, *3-6 (S.D.N.Y. Nov. 9, 2012) (same); *SEC v. Gordon*, 2009 WL 2252119, *3-6

(N.D. Okl. July 28, 2009) (same); *Nicholas*, 569 F. Supp. 2d at 1070 (same); *SEC v. Beacon Hill Asset Management LLC*, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (same); *In re Worldcom, Inc., Sec. Litig.*, 2002 WL 31729501, *3-10 (S.D.N.Y. Dec. 5, 2002) (same); *Downe*, 1993 WL 22126, at *12-14 (same).

"[T]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases." *Beacon Hill Asset Management LLC*, 2003 WL 554618 at *1. In the ordinary course, a criminal prosecution operates under a specific set of discovery and procedural rules honed over decades to balance state and personal interests, and "designed to protect the integrity and truth-seeking function of the criminal process." *Nicholas*, 569 F. Supp. 2d at 1072. That balance would be upended here if Kabra is allowed to use civil discovery to circumvent the criminal rules. *See, e.g., Campbell*, 307 F.2d at 487 ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit."); *United States v. Phillips*, 580 F. Supp. 517, 520 (N.D. Ill. 1984) ("Protection of the integrity of the criminal justice process fully justifies this Court's taking remedial action."). As one court has articulated it:

> It is well established that a litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit to avoid the restrictions on criminal discovery and, thereby, obtain documents [and testimony] he might otherwise not be entitled to for use in his criminal suit.

*Founding Church of Scientology v. Kelley*, 77 F.R.D. 378, 380 (D.D.C. 1977) (citations omitted).[4] The public interest is best served by trying criminal defendants according to the rules of criminal procedure

---

[4] *See also, e.g., United States v. Mellon Bank, N.A.*, 545 F.2d 869, 872-73 (3d Cir. 1976) (affirming stay; noting that "the similarity of the issues [in the civil and criminal matters] left

that have been specifically designed, and continually revised, to ensure compliance with the Constitution and fairness for all sides. *See, e.g., Nicholas*, 569 F. Supp. 2d. at 1072 n.8 ("[T]he criminal discovery rules were crafted with an eye toward fairness for all concerned—the defendant, the prosecution, and the public.").

### C. The Requested Stay Will Promote Judicial Efficiency and Will Not Prejudice the Parties.

The requested stay will clearly promote judicial efficiency. "The conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges." *In re Worldcom*, 2002 WL 31729501, at *8 (emphasis added; citations omitted) (finding stay "particularly compelling" in light of factual overlap and U.S. Attorney's Office's request); *TelexFree*, Inc., 52. F. Supp. 3d at 353 ("stay would also conserve judicial resources").

The parties also will not be prejudiced by the requested stay. The stay would allow Kabra to focus litigation resources on the Criminal Action and avoid having to litigate or address privilege or other discovery issues that would otherwise arise in the SEC Action.

A stay of discovery would thus allow not just the litigants, but also the Court, to avoid needless work, without undue prejudice to the defendant or to the overall public interest in justice being served.

---

open the possibility that [the target] might improperly exploit civil discovery for the advancement of his criminal case"); *In re Eisenberg*, 654 F.2d 1107, 1113-14 (5th Cir. 1981) (observing that allowing civil discovery to proceed would make litigant "the beneficiary of materials otherwise unavailable under the criminal rules . . . thus nullifying in effect the criminal discovery limitations"); *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527, 532-33 (S.D. W. Va. 2005) (United States had discernable interest in intervening to prevent civil discovery from being used to circumvent scope of discovery in criminal matter); *SEC v. Control Metals Corp.*, 57 F.R.D. 56, 57-58 (S.D.N.Y. 1972) (staying depositions of four grand jury witnesses).

**D.     The Status of the Criminal Action Favors a Stay**

The status of the Criminal Action, also weighs in favor of a stay. Here, the primary defendant in the SEC Action, Kabra, is under indictment. "[T]he strongest argument for granting a stay is where a party is under criminal indictment." *Shkreli*, 2016 WL 1122029 at *5 (citation omitted).

## CONCLUSION

For the foregoing reasons, the government respectfully moves for permission to intervene in the SEC Action, and for a stay of discovery pending resolution of the Criminal Action.

                          Respectfully submitted,

                          UNITED STATES OF AMERICA,

                          By its attorney,

                          ANDREW E. LELLING
                          United States Attorney

                          */s/ Christopher Looney*
                          Christopher Looney
                          Assistant United States Attorney
                          408 Atlantic Avenue, Suite 530
                          Boston, MA 02210
                          617.748.3287

Dated: May 5, 2020

**CERTIFICATE OF SERVICE**

      Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                    */s/ Christopher Looney*
                                    Christopher Looney
                                    Assistant United States Attorney

Dated: May 5, 2020