UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 19-CV-11676-NMG |
| TANMAYA KABRA, et al., | : | |
| Defendants. | : | |

## ASSENTED TO MOTION OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION FOR ENTRY OF FINAL JUDGMENT AS TO ALL DEFENDANTS

The Securities and Exchange Commission ("SEC" or "Commission") filed its complaint in this matter on August 5, 2019, against Tanmaya Kabra, aka Tan Kabra ("Kabra") and Launchbyte.IO, LLC aka The Kabra Group, LLC ("Launchbyte"). A related criminal action against Kabra was filed in this District (the "criminal case"), also in August 2019. Kabra entered a guilty plea in the criminal case (*United States v. Tanmaya Kabra,* Criminal No. 1:19-cr-10335-DJC (D. Mass.))[1] and was sentenced on September 15, 2021. The Court in the criminal case entered judgment and ordered Kabra committed to the custody of the Bureau of Prisons for a term of 21 months followed by a term of supervised release. The Court further imposed a fine in the amount of $15,000, restitution in the amount of $1,842,106.24 and a special assessment of $400.

---

[1] Kabra pleaded guilty to four counts of a Superseding Information: 18 U.S.C. § 1343 (Wire Fraud). All counts in a prior Indictment were dismissed.

Kabra and Launchbyte subsequently executed signed consents to entry of final judgments in this matter. *Exhs. A and B*. Following the process for review and approval of proposed settlement terms by the Commission, the parties now submit those proposed terms to the Court and request entry of final judgments as to Kabra and Launchbyte. Submitted with this motion are signed and notarized consents from both defendants (*Exhs. A and B*) and proposed final judgments for Kabra and Launchbyte, respectively. *Exhs. C and D.*

### A.  Background

The Commission's Complaint alleges that Kabra and Launchbyte, beginning no later than June 2018 and continuing through at least August 4, 2019, deceived investors into giving Kabra money with false promises of double-digit returns in a matter of months with no risk. Upon receipt, Kabra used investor money to, among other things, buy himself a boat, pay credit card balances, and make Ponzi-like payments to earlier investors.

By engaging in the alleged conduct, the Commission's Complaint charged that Kabra and Launchbyte violated Section 17(a) of the Securities Act of 1933 (the "Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder.

### B.  Proposed Settlements

The proposed settlement terms are as follows:  a) as to both Kabra and Launchbyte, injunctive relief that permanently restrains and enjoins them from violations of 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder; b) as to Kabra only, an order of disgorgement i) ordering him to pay $500,000 in disgorgement plus prejudgment interest of $67,793.46, totaling $567,793.46, and ii) deeming disgorgement and prejudgment interest satisfied by the order of restitution in the amount of $1,842,106.24 entered

in the criminal case; and c) as to Kabra only, ordering that any funds held by First Republic Bank pursuant to the asset freeze order entered in this case be directed to payment of restitution in the criminal action.

The proposed settlement terms for the respective defendants are appropriate and in the public interest.  Injunctive relief is an appropriate sanction as a deterrent for future conduct.  In addition, the ill-gotten gains realized by Kabra already have been addressed by the Court's order of restitution in the criminal case.  In that regard, the [Proposed] Final Judgment reflects that Kabra is liable for the disgorgement of gains realized as a result of the conduct alleged in the Complaint, but that disgorgement is deemed satisfied by the order of restitution entered in the criminal case.

Finally, given that Kabra has been prosecuted criminally for the same conduct underlying this action, and that he is currently serving a 21-month sentence of incarceration, it is appropriate that a civil monetary penalty not be imposed here.

    Respectfully submitted,

    **SECURITIES AND EXCHANGE COMM.**

    By its attorneys,

Dated: December 30, 2021    //s//  Martin F. Healey
    Martin F. Healey (Mass Bar No. 227550)
    Securities and Exchange Commission
    33 Arch Street, 23rd Floor
    Boston, Massachusetts 02110
    Telephone: (617) 573-8952 (Healey direct)
    E-mail: healeym@sec.gov

## LOCAL RULE 7.1 CERTIFICATE

I, Martin F. Healey, hereby certify that counsel for the Commission conferred with counsel for the respective defendants in framing the proposed settlement and that the defendants assent to the relief requested herein.

_____//s// Martin F. Healey_____

## CERTIFICATE OF SERVICE

I certify that on December 30, I caused a copy of the foregoing document to be filed through the ECF system and, accordingly, the document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

//s// Martin F. Healey_____
Martin F. Healey