UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> TANMAYA KABRA, a/k/a TAN KABRA, and LAUNCHBYTE.IO, LLC a/k/a THE KABRA GROUP, LLC, <br><br> Defendants. | Civil Action No. 19-11676-NMG |

**CONSENT OF DEFENDANT TANMAYA KABRA**

1. Defendant Tanmaya Kabra, a/k/a Tan Kabra ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Kabra*, Case No. 1:19-cr-10335-DJC (D. Mass), Defendant pleaded guilty to four counts of wire fraud in violation of 18 U.S.C. § 1343. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Kabra*, Case No. 1:19-cr-10335-DJC (D. Mass).

3. Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section

1

17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and

(b)     orders Defendant to pay disgorgement in the amount of $500,000, plus prejudgment interest thereon in the amount of $67,793.46, which is deemed satisfied by the order of restitution entered in the related criminal case *United States v. Kabra*, Case No. 1:19-cr-10335-DJC (D. Mass);

(c)     orders that within 3 days after being served with a copy of the Final Judgment,

**First Republic Bank** shall transfer the entire balance of the following First Republic Bank account, which was frozen pursuant to an Order of this Court, to the Clerk of Court for distribution in accordance with the order of restitution described in paragraph 3(b) above:

| Account Owner | Acct. Ending in: |
|---|---|
| Vetx Inc. | ***8984 |

First Republic Bank may transfer these funds by cash, check, or money order. Checks or money orders shall be made payable to the "Clerk of the U.S. District Court" noting Criminal Action No. 19-cr-10335-DJC in the memo section of the payment method. Funds shall be delivered or mailed to the following address:

> Clerk's Office, U.S. District Court,
> 1 Courthouse Way, Suite 2300
> Boston, MA 02210

and shall be accompanied by a letter identifying: the criminal action title and number, this civil action title and number, the name of this Court,

17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and

(b)  orders Defendant to pay disgorgement in the amount of $500,000, plus prejudgment interest thereon in the amount of $67,793.46, which is deemed satisfied by the order of restitution entered in the related criminal case *United States v. Kabra*, Case No. 1:19-cr-10335-DJC (D. Mass);

(c)  orders that within 3 days after being served with a copy of the Final Judgment,

**First Republic Bank** shall transfer the entire balance of the following First Republic Bank account, which was frozen pursuant to an Order of this Court, to the Clerk of Court for distribution in accordance with the order of restitution described in paragraph 3(b) above:

| Account Owner | Acct. Ending in: |
|---|---|
| Vetx Inc. | ***8984 |

First Republic Bank may transfer these funds by cash, check, or money order. Checks or money orders shall be made payable to the "Clerk of the U.S. District Court" noting Criminal Action No. 19-cr-10335-DJC in the memo section of the payment method. Funds shall be delivered or mailed to the following address:

> Clerk's Office, U.S. District Court,
> 1 Courthouse Way, Suite 2300
> Boston, MA 02210

and shall be accompanied by a letter identifying: the criminal action title and number, this civil action title and number, the name of this Court,

Tanmaya Kabra as a defendant in this action, and specifying that payment is made pursuant to the Final Judgment against Defendant.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of

4

this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 10/26/2021        *Tanmaya Kabra*

Tanmaya Kabra

On 26th October, 2021, Tanmaya Kabra, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public   State of: Texas   County of: Harris
Commission expires: 07/29/2025

Christopher J Simmons
ID NUMBER
133241892
COMMISSION EXPIRES
July 29, 2025

Notarized online using audio-video communication

Approved as to form:

Mark A. Berthiaume, Shareholder
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
(617) 310-6007
Attorney for Defendant

6